IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GREGORY D. THOMAS,<br><br>   Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART, Commissioner of the Social Security Administration,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S ADMINISTRATIVE DECISION<br><br><br><br>Case No. 2:05-CV-88 TS |

   Plaintiff Gregory D. Thomas (Thomas) seeks judicial review of the determination of the Commissioner of Social Security denying his application for Social Security disability insurance benefits.

   Thomas, a 42-year-old man, contends he is disabled due to depression, anxiety, fibromyalgia, and back, hip, shoulder, and knee pain. The Social Security Administrative Law Judge (ALJ) found at step two of the required sequential evaluation process[1] that Thomas' severe impairments were lumbar degenerative disc disease with status post

---

[1] *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (explaining five-step sequential evaluation for determining if claimant is disabled).

laminectomy, myofascial pain syndrome, somatic dysfunction of the lumbar spine, myosotis/fibromyalgia, depression, and anxiety. The ALJ found these were not presumptively disabling because they did not meet or equal both the "A" and "B" criteria, or meet the "C" criterion. At step four, the ALJ found that Plaintiff could perform his past work as a photo lab technician and service station attendant.

Thomas contends that the ALJ's decision should be reversed for the following reasons: the ALJ failed to identify all of Plaintiff's severe impairments; failed to give appropriate weight to Thomas' treating physician's finding that Thomas met the listing for severe personality disorders under the A and B, or the C criteria; and improperly rejected Thomas' treating physician's opinion as to the severity of his conditions. Plaintiff further alleges that the ALJ erred in finding Thomas' reports of pain not credible; in assessing Thomas' Residual Functional Capacity (RFC) by rejecting the treating physician's opinion in favor of other evidence in the medical records; in finding that Thomas could perform his past relevant work; and in failing to include all of Thomas' impairments in the hypothetical to the VE. Finally, Thomas contends that the administrative record shows that the ALJ was biased against Thomas and the ALJ's questions show there was a lack of a fair and impartial hearing.

This Court's review of the ALJ's decision is limited to determining whether his findings are supported by substantial evidence and whether the correct legal standards were applied.[2] If supported by substantial evidence, the findings are conclusive and must

---

[2]*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

be affirmed.[3]  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4]  The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[5]

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[6]  However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[7]

"While a claimant's credibility is generally an issue reserved to the ALJ, the issue is reviewable to ensure that the underlying factual findings are 'closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'"[8]

Applying these standards, the Court has considered the Administrative Record, the parties' briefs and arguments and finds as follows.  The Court finds that the ALJ's determination of the severity of impairments is supported by the record, including his determination to not include the right shoulder and left knee as severe impairments.  As to the ALJ's failure to make a specific finding on the compulsive personality disorder, the Court finds it harmless error.  Although Thomas' treating physician did opine regarding the

---

[3] *Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[4] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996).

[5] *Id*.

[6] *Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[8] *Swanson v. Barnhart,* 2006 WL 2147557, *1 (10th Cir. 2006) (quoting *Hackett v. Barnhart,* 395 F.3d 1168, 1173 (10th Cir. 2005)).

disorder, his evaluation focuses almost entirely on the depression and anxiety disorders and, therefore, there is not evidence in the record to support a finding of the severity of the compulsive personality disorder.

Thomas contends that the ALJ failed to follow his treating physician's finding that Thomas met the listing for severe personality disorders under the A and B, or the C criteria; rejected his opinions as to the severity of Thomas' conditions and assessed Thomas' Residual Functional Capacity differently than the treating physician. The Court has reviewed the entire record and finds that the ALJ's determinations are supported by the record. For example, while the ALJ does discount the treating physician's January 2004 opinion[9] that Thomas' conditions markedly limited him in important areas, the ALJ does so based on other evidence in Thomas' file, especially the findings only a few months earlier by another of Thomas' doctors who found Thomas had only "mild" limitations for light duty.[10]

The Court finds that the ALJ evaluated Thomas' credibility and ability to perform past work under the correct standards, and that his decisions on those issues are fully supported by evidence in the record.

As to Thomas' allegation of bias and lack of fairness at the hearing, Thomas specifically objects that his wife was asked what her job was and that he was asked whether his wife makes enough to pay the bills.[11] Thomas also objects to the ALJ's remark

---

[9] Rec. at 352.

[10] *Id.* at 248.

[11] *Id.* at 436 and 425.

that at Thomas' age he had years remaining to work and the ALJ's inquiry as to what work Thomas intended to do.  Finally, Thomas objects to the ALJ's allowing Dr. Newhall to ask Thomas about his church attendance[12] and any arrest record.  Dr. Newhall is under contract to serve as a medical expert with the Denver Office of Hearings and Appeals,[13] and it was in that capacity that he questioned Thomas at the hearing.  At the direction of the ALJ, Dr. Newhall also discounted some the medical records because Thomas had added hand-written additions to them prior to their being filed.[14]

The Court finds that while the tone of some questions and comments at the hearing were blunt, the questions were neither unfair nor prejudicial, did not inject personal bias into the proceedings, and the subject matter of the questions was relevant.  For example, in Thomas' application for disability benefits he listed church activities 2 to 3 times a week as part of his daily activities.  Questions on the extent of his listed daily activities were relevant to his claim of disability.  Similarly, as Plaintiff's medical records contain references to opiate withdrawal when he was hospitalized for depression and a serious drunk driving accident, questions on those issues are relevant to his application.  For these reasons, the Court finds that the questioning in this case is distinguishable from that in the *Jimerson*[15] case relied upon by Plaintiff.

---

[12]*Id.* at 455-56.

[13]*Id*. at 442.

[14]*Id.* at 444-45.

[15]*Jimerson v. Barnhart*, 2005 U.S. Dist. LEXIS 20800 *3-4 (M.D. Ga. 2005) (finding the ALJ's decision was not based on substantial evidence where the ALJ's "unprofessional and highly inappropriate" questions and comments to claimant's

Finally, as to the ALJ's determination that Plaintiff could perform his past relevant work, the record supports the ALJ's findings on Plaintiff's limitations and RFC. The ALJ's hypothetical to the Vocational Expert (VE) was consistent with those findings. The VE testified that Thomas could perform his past work as a photo lab technician and service station attendant. The description of the photo lab technician job in the Dictionary of Occupational Titles (DOT) is consistent with the VE's opinion. The ALJ accepted the VE's opinion and relied upon it. Like the ALJ's other factual findings, his finding that Thomas could perform his past relevant work was closely and affirmatively linked to substantial evidence in the record.

In conclusion, the Court finds that the ALJ's Decision is thorough and detailed in its discussion of the Administrative Record, his findings are supported by substantial evidence, and he applied the correct legal standards. It is therefore

ORDERED that the Commissioner's Decision denying Plaintiff Gregory D. Thomas' application for Social Security disability benefits is AFFIRMED. Judgment shall be entered in favor of Defendant and this case closed.

DATED March 28, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

treating physician injected a personal bias into the hearing).

6